Highland Capital Mgt., L.P. v Dow Jones & Co., Inc. (2019 NY Slip Op 09110)





Highland Capital Mgt., L.P. v Dow Jones & Co., Inc.


2019 NY Slip Op 09110


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10624 151322/18

[*1] Highland Capital Management, L.P., Plaintiff-Appellant,
v
Dow Jones & Company, Inc., et al., Defendants-Respondents, Does 1-20, Defendant.


Harder LLP, New York (Anthony Harwood of counsel), for appellant.
Vinson & Elkins LLP, Dallas, TX (Thomas S. Leatherbury of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 24, 2018, which granted defendants' motion to dismiss the complaint with prejudice, unanimously affirmed, with costs.
Supreme Court properly dismissed this action alleging that an article published by defendant Dow Jones & Company on its website and in the print edition of the Wall Street Journal, and various tweets by defendants concerning an arbitration decision, were defamatory.
"A civil action cannot be maintained. . .for the publication of a fair and true report of any judicial proceeding. . .or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published" (Civil Rights Law § 74). In determining whether an article constitutes a fair and true report, "the language used therein should not be dissected and analyzed with a lexicographer's precision," because a news article is, "by its very nature, a condensed report of events which must, of necessity, reflect to some degree the subjective viewpoint of the author" (Holy Spirit Assn. for Unification of World Christianity v New York Times Co. , 49 NY2d 63, 68 [1979]). It is enough that the article be "substantially accurate" (id. at 67). " Substantially accurate' is interpreted liberally[, and t]he test is whether the published account of the proceeding would have a different effect on the reader's mind than the actual truth, if published" (Daniel Goldreyer, Ltd. v Van De Wetering , 217 AD2d 434, 436 [1st Dept 1995] [internal citation omitted]).
Here, the articles and tweets were substantially accurate reports of the arbitration decision. Although they erroneously stated that the award was rendered against plaintiff when it was against ACIS Capital Management, L.P. (ACIS) and ACIS Capital Management GP, LLC (ACIS GP), the panel attributed to plaintiff the wrongful conduct that was the basis of the award and noted that ACIS and ACIS GP operated exclusively through plaintiff's employees and officers. It is unlikely that a reader knowing the actual truth would have had a more favorable impression of plaintiff than that created by the article.
The article also accurately stated that the dispute with plaintiff's former employee related to his objection to extending the due date on certain notes payable to plaintiff's clients in order to lend, rather than transfer, money to an affiliated entity. Contrary to plaintiff's allegations, the article did not credit another former employee's claim that he was terminated because he refused to execute asset transfers directed by plaintiff's founder.
Plaintiff further asserts that the article failed to report certain facts that were favorable to it concerning other litigations. However, an omission of relatively minor details in a report that is otherwise basically accurate is not actionable because this "is largely a matter of editorial judgment in which the courts, and juries, have no proper function (Rinaldi v Holt, Rinehart & [*2]Winston , 42 NY2d 369, 383 [1977], cert denied 434 US 969 [1977]).
The tortious interference with contractual relations claim was properly dismissed. Defendants' conduct as alleged in the complaint was incidental to the lawful and constitutionally
protected process of news gathering and reporting (see Bartnicki v Vopper , 532 US 514, 534 [2001]). The complaint also failed to cite any specific confidentiality agreements that defendants knowingly induced their sources to violate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK